AO 91 (Rev. 11/11) Criminal Complaint     AUSA Kirsten Moran (312) 722-2291

**FILED**
10/6/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CASE NUMBER: 25 CR 640 |
| SERGIO GARCIA-ESPARZA | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about September 30, 2024, at Franklin Park, in the Northern District of Illinois, Eastern Division, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 8, United States Code, Section 1326(a). | being an alien who previously had been deported and removed from the United States on or about April 25, 2015, and September 12, 2015, without previously having obtained the express consent of the Secretary of the Department of Homeland Security for reapplication by defendant for admission into the United States |

This criminal complaint is based upon these facts:

 X   Continued on the attached sheet.

Renee Fals by MV
RENEE FALS
Deportation Officer, Immigration & Customs Enforcement (ICE)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: October 6, 2025

*Maria Valdez*
*Judge's signature*

City and state: Chicago, Illinois      Maria Valdez, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**AFFIDAVIT**

I, RENEE FALS, being duly sworn, state as follows:

1. I am a Deportation Officer with United States Immigration and Customs Enforcement ("ICE") and have been employed by ICE for 18 years. My current responsibilities include the apprehension of criminal aliens. I have received training concerning immigration laws, policies, and procedures, including those related to the reentry of previously deported aliens.

2. This affidavit is submitted in support of a criminal complaint alleging that SERGIO GARCIA-ESPARZA (GARCIA-Esparza) has violated Title 8, United States Code, Section 1326(a), Reentry of Removed Alien, by being present and found in the United States after having previously been removed. Because I submit this affidavit for the limited purpose of establishing probable cause to support a criminal complaint charging GARCIA-Esparza with illegal reentry, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe establish that GARCIA-Esparza committed the offense stated in the complaint.

3. This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents and officers and by other persons identified in this affidavit, and my review of records maintained by ICE, other components of the Department of Homeland Security (DHS), and other government agencies.

4. According to DHS records, GARCIA-Esparza is a native and citizen of Mexico and has no claim to United States citizenship or lawful residence. DHS records reflect that GARCIA-Esparza was born in Mexico in 1983.

5. Records maintained by the 57th District Court in Allegan County, Michigan reflect that on or about May 11, 2006, GARCIA-Esparza was convicted of "operating – impaired" and sentenced to either a fine of $650 or sixty-five days imprisonment.

6. Records maintained by the 5th District Court in St. Joseph, Michigan reflect that on or about August 24, 2011, GARCIA-Esparza was convicted of "operating while intoxicated" and sentenced to either a fine of $1285 or thirty days imprisonment.

7. According to DHS records, on or about April 24, 2015, GARCIA-Esparza was ordered removed from the United States to Mexico by an immigration official in El Paso, Texas. Prior to his removal, law enforcement fingerprinted GARCIA-Esparza.

8. On or about April 25, 2015, GARCIA-Esparza was removed from the United States to Mexico through Hidalgo, Texas.

9. According to DHS records, following his April 2015 removal, GARCIA-Esparza reentered the United States.

10. Records maintained by the United States District Court, Western District of Texas reflect that on or about September 4, 2015, GARCIA-Esparza was

2

convicted of illegal entry, and sentenced to one hundred forty-four days' imprisonment.

11. On or about September 12, 2015, GARCIA-Esparza was removed from the United States to Mexico through Eagle Pass, Texas. Prior to his removal, law enforcement fingerprinted GARCIA-Esparza.

12. According to DHS records, following his September 2015 removal, GARCIA-Esparza reentered the United States.

13. DHS records reflect that GARCIA-Esparza has not applied for or received permission from the Secretary of the Department of Homeland Security to re-enter the United States.

14. DHS records reflect that on or about September 30, 2024, GARCIA-Esparza was arrested by the Franklin Park Police Department in Franklin Park, Illinois for driving under the influence and was subsequently fingerprinted. The fingerprints were electronically uploaded into the Federal Bureau of Investigations, Integrated Automated Fingerprint Identification System ("IAFIS"). GARCIA-Esparza was released from custody.

15. On September 15, 2025, Homeland Security Investigations Forensic Laboratory conducted a fingerprint comparison analysis and verified that the person who was arrested on September 30, 2024, is the same person who was removed from the United States on or about April 25, 2015, and September 12, 2015.

16. Based on the foregoing, I respectfully submit that there is probable cause to believe that on or about September 30, 2024 at Franklin Park, Illinois, in the

Northern District of Illinois, Eastern Division, GARCIA-Esparza, being an alien who was last removed from the United States on or about September 12, 2015, was found in the United States without previously having obtained the express consent of the Secretary of the Department of Homeland Security, for reapplication for admission into the United States, in violation of Title 8, United States Code, Section 1326(a); and Title 6, United States Code, Section 202(4).

FURTHER AFFIANT SAYETH NOT.

Renee Fals by MV
RENEE FALS
Deportation Officer, Immigration & Customs Enforcement

SWORN TO AND AFFIRMED by telephone October 6, 2025.

Honorable Maria Valdez
United States Magistrate Judge

4